# In the United States Court of Federal Claims

No. 01-39L
(Filed: March 1, 2016)
NOT FOR PUBLICATION

| | | |
|---|---|---|
| WALTER FREEMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | RCFC 59; Motion for Reconsideration |
| | ) | Denied; Exhaustion of Administrative |
| v. | ) | Remedies |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Richard Stephens*, Stephens & Klinge, LLP, Bellevue, WA, for plaintiff.

*Terry Petrie*, Environment and Natural Resources Division, United States Department of Justice, Denver, CO, with whom was *John C. Cruden*, Assistant Attorney General, Washington, DC for defendant.

**OPINION DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION**

**FIRESTONE**, *Judge*.

Pending before the court is the motion of plaintiff RNR Resources, LLC's

("RNR") under Rule 59 of the Rules of the United States Court of Federal Claims for

reconsideration of the court's decision dismissing RNR's Fifth Amendment takings claim

for lack of jurisdiction.  See Freeman v. United States, 124 Fed. Cl. 1 (2015) ("Freeman

III").  RNR claimed that the government had taken its mining claims in the Siskiyou

National Forest in southern Oregon when the Forest Service refused to accept RNR's

mining plan of operations and instead provided RNR with a letter identifying additional information the agency would need to approve the plan. RNR argued that the government's information request is unreasonable and that completing the administrative process would be futile because the agency was determined not to approve any mining plan for that land. In granting the government's motion to dismiss RNR's claim, the court held that RNR's taking claim was not ripe for judicial review on the grounds that plaintiff had not submitted a completed application to the Forest Service for approval and thus there was no final agency decision. The court also held that plaintiff could not show that complying with the Forest Service's application process would be futile.

In its motion for reconsideration, RNR argues that the court misapplied the law regarding ripeness. RNR argues that the court should have allowed RNR to conduct discovery and then held an evidentiary hearing on the ripeness issue before dismissing RNR's takings claim. The government counters that the court applied the correct legal standards and that no discovery or evidentiary hearing was necessary to find that RNR's claim was not ripe.

For the reasons that follow the plaintiff's motion for reconsideration is **DENIED**.

## I.      BACKGROUND

This case involves two different Fifth Amendment claims. The first involves takings claims by Mr. Walter Freeman as an individual, who alleged a taking of his mining claims after they were declared invalid by the government. The Department of the Interior ("DOI") found that Mr. Freeman's initial claims were not valid because Mr. Freeman could not establish a valuable mineral discovery, a finding confirmed by the

United States District Court for the District of Columbia. Freeman v. U.S. Dep't of the Interior, 83 F. Supp. 3d 173, 177 (D.D.C. 2015) ("Freeman II"). Mr. Freeman's taking claim has been stayed pending the outcome of his challenge to the government's decision to declare his mining claims invalid, which is now before the D.C. Circuit. Freeman v. U.S. Dep't of the Interior, No. 15–cv–5140 (D.C. Cir. filed May 20, 2015).[1]

The second mining claim is RNR's, a company owned by Mr. Freeman, for mineral deposits on the same land at issue in Mr. Freeman's case. In 2011, after the government declared that Mr. Freeman's mining claims were invalid for lack of a valuable mineral discovery, RNR filed mining claims for the same minerals on the same 1280 acres of land where Mr. Freeman's claims were declared invalid. Freeman III, 124 Fed. Cl. at 3. RNR submitted a plan of operations to the Forest Service seeking approval of RNR's intention to mine 60,000 tons of nickeliferous limonite iron ore. Id.

The government moved to dismiss RNR's Fifth Amendment claim on the grounds that the Forest Service has not issued a final decision on RNR's application to commence mining activities. The government supported its motion with undisputed evidence showing that RNR had not submitted all of the information the Forest Service requested to make a decision on RNR's application. The Forest Service had stated it

---

[1] If the D.C. Circuit upholds the lower court's finding that Mr. Freeman did not have a valuable mineral discovery, Mr. Freeman will not have a compensable property interest and thus cannot maintain a takings claim. Vane Minerals (US), LLC v. United States, 116 Fed. Cl. 48, 62-63 (2014) (a takings claim for unpatented mining claims must be dismissed in the "absence of a compensable property interest" (citing Hafen v. United States, 30 Fed. Cl. 470, 474 (1994) aff'd, 47 F.3d 1183 (Fed. Cir. 1995); Payne v. United States, 31 Fed. Cl. 709, 712 (1994); Holden v. United States, 38 Fed. Cl. 732, 735-36 (1997); Ford v. United States, 101 Fed. Cl. 234, 238 (2011))).

needed information on a pilot plant to ensure that RNR has a valuable mineral discovery

and information regarding what environmental impacts RNR's proposed mining on

adjacent Bureau of Land Management ("BLM") land would have on Forest Service

land.  The government also submitted an affidavit from a Forest Service official, Forest

Ranger Bergstrom, who stated that in order to process RNR's application the Forest

Service needed the additional information requested and that a final decision on the

matter has not been made.  Id. at 9.

In response, RNR filed a declaration from Mr. Freeman asserting his belief that

none of the information the Forest Service requested was necessary and that the request

that RNR build a pilot plant exceeded the Forest Service's authority.[2]  Mr. Freeman

stated that, "it is apparent that the intent is to kill any prospects of mining these

minerals by subjecting me to an[ ] endless loop of obstacles."  Id. at 5.

The court ruled that until RNR provides the Forest Service with the

information the Forest Service requested, and the Forest Service issues a final

decision on RNR's application, RNR's taking claim is not ripe for failure to exhaust

administrative remedies.  Id. at 8.  The court rejected RNR's argument that it would

be futile for RNR to complete the application process.  Id. at 8-9.  The court held that

the Forest Service was entitled to deference with regard to the information it stated

that it needed to complete its review and that the plaintiff had not presented any

evidence to show that the Forest Service would not give RNR's separate application,

---

[2] In the declaration, Mr. Freeman drew no distinction between himself and RNR.

filed many years after Mr. Freeman's application, fair consideration. Id. The court

concluded that Mr. Freeman's declaration was not sufficient to overcome the

presumption of good faith attributable to Ranger Bergstrom's sworn statement that the

Forest Service needed the information requested and had not made a final decision

regarding RNR's application. Id.

## II.    LEGAL STANDARDS

### A.    Motions for Reconsideration

Motions for reconsideration are not intended to give an "'unhappy litigant an

additional chance to sway'" the court. Matthews v. United States, 73 Fed. Cl. 524, 525

(2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)). To prevail, a party

must demonstrate that new evidence or an intervening change of legal authority requires

reconsideration or that reconsideration is needed to prevent manifest injustice. See

Sharpe v. United States, 112 Fed. Cl. 468, 472-73 (2013) (citing Matthews, 73 Fed. Cl.

at 526). Here, RNR argues that reconsideration is warranted to prevent manifest

injustice.   For a party to successfully establish a manifest injustice, it cannot merely

reassert the same unsuccessful arguments, see Principal Mut. Life Ins. Co. v. United

States, 29 Fed. Cl. 157, 164 (1993), nor can it make new arguments it could have made

earlier,  Stueve Bros. Farms v. United States, 107 Fed. Cl. 469, 475 (2012) (citing

Bluebonnet Sav. Bank, F.S.B. v. United States,  466 F.3d 1349, 1361 (Fed. Cir. 2006);

Gen. Elec. Co. v. United States, 416 F.2d 1320, 1322 (Ct. Cl. 1969)). Instead, the

moving party must show that the alleged manifest error  of law is "clearly apparent or

obvious." Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006) (internal

quotation and citation omitted).

**B.     Ripeness and Futility**

The Supreme Court and the Federal Circuit have found that under most

circumstances a regulatory takings claim, such as RNR's claim, "is not ripe until the

government entity charged with implementing the regulations has reached a final decision

regarding the application of the regulations to the property at issue." Estate of Hage v.

United States, 687 F.3d 1281, 1286 (Fed. Cir. 2012) (quoting Williamson Cty. Reg'l

Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985)).

However, in certain cases, a "claimant can show its claim was ripe with sufficient

evidence of the futility of further pursuit of a permit through the administrative process."

Barlow & Haun, Inc. v United States, 805 F.3d 1049, 1058 (Fed. Cir. 2015) (internal

quotation marks omitted) (quoting Anaheim Gardens v. United States, 444 F.3d 1309,

1315 (Fed. Cir. 2006)).  In order to demonstrate futility, the party must have first

"followed reasonable and necessary steps to allow regulatory agencies to exercise their

full discretion."  Id.  (citing Palazollo v. Rhode Island, 533 U.S. 606, 620-21 (2001)); see

also McGuire v. United States, 707 F.3d 1351, 1361 (Fed. Cir. 2013) ("Where further

administrative process could reasonably result in a more definite statement of the impact

of the regulation, the property owner is generally required to purse that avenue of relief

before bringing a takings claim." (quoting Morris v. United States, 392 F.3d 1372, 1376

(Fed. Cir. 2004))).[3]

The Federal Circuit has further held that the "mere fact that an adverse decision

may have been likely does not excuse a party from a statutory and regulatory requirement

that it exhaust administrative remedies." Barlow, 805 F.3d at 1058. (internal quotation

marks omitted) (quoting Corus Staal BV v. United States, 502 F.3d 1370, 1370 (Fed. Cir.

2007)). "The futility exception to the 'final decision rule' only excuse[s] a property owner

from submitting multiple applications when the manner in which the first application was

rejected makes it clear that no project will be approved." McGuire, 707 F.3d at 1361-62

(internal quotation marks omitted) (quoting Wyatt v. United States, 271 F.3d 1090, 1097

(Fed. Cir. 2001)). The Federal Circuit has recognized however, that an agency "may not

burden property by imposition of repetitive or unfair land-use procedures in order to avoid

a final decision." Washoe Cty., Nev. v. United States, 319 F.3d 1320, 1324 (Fed. Cir.

2003) (quoting Palazzolo, 533 U.S. at 621).

## III.   DISCUSSION

RNR makes two arguments to support its motion for reconsideration. First, RNR

argues that the court should allow RNR to seek discovery to show that the request for a

pilot plant is unreasonable, and that by requiring information regarding a pilot plant, the

Forest Service has effectively denied RNR of the right to mine its claim. Second, RNR

---

[3] The Federal Circuit has explained that the only exceptions to the exhaustion rule occur "in the limited circumstance in which the administrative entity has no discretion regarding the regulation's applicability and its only option is enforcement." McGuire, 707 F.3d at 1361 (citation omitted).

asserts that in the court's opinion dismissing RNR's claim, the court did not address

RNR's argument, based on Mehaffy v. United States, 98 Fed. Cl. 604 (2011), that "rules

related to applications must be determined by looking at the regulations themselves and

not a post hoc explanation that a complete application requires something else," and

argues that the applicable regulations do not require RNR to complete a pilot plant.  Pl.'s

Mot. 7-8.

For the reasons that follow, the court finds that RNR's motion for reconsideration

is based on a misunderstanding of ripeness principles and must be denied.  First, the court

finds, as it did when it dismissed RNR's claim, that additional discovery is unnecessary.

RNR argues that it disputes facts relating to the court's ripeness decision and asks the

court to allow discovery and "hold an evidentiary hearing where people can testify

regarding the ripeness of the claims . . . ."  Id. at 3.  However, RNR also acknowledges

that there "appears to be no dispute as to what RNR filed, when it was filed, and when or

what the Forest Service's response was."  Pl.'s Reply 3-4.  Therefore, there is no

testimony that will call into question the fact that RNR did not provide the Forest Service

with information regarding the pilot plant or the impact its mining operations will have

on adjacent BLM land.  Under these circumstances, an evidentiary hearing is unnecessary

because RNR has not followed all the administrative requirements necessary for the

Forest Service to issue a final decision.[4]

---

[4] Plaintiff's reliance on Barlow is misplaced.  In Barlow, the plaintiffs alleged BLM's resource management plans made it clear that BLM would have to reject a development application. Barlow, 805 F.3d at 1057.  The trial court allowed for discovery and held a hearing with regard to whether the agency retained the discretion to approve a development application after suspension

The court also finds that it adequately addressed RNR's argument that a pilot plant is neither reasonable nor required under the regulations in its opinion granting the government's motion to dismiss.  First, even if the court were to agree with RNR the Forest Service's request for a pilot plant was unreasonable, the court would still find that RNR's application is incomplete, and thus its claim unripe, because RNR has not provided the Forest Service with the information necessary to assess the impact on BLM lands.  In addition, federal agencies are "afforded significant deference in determining what additional information is required to satisfy statutorily imposed obligations."  Wyatt, 271 F.3d at 1098.

RNR argues that it "only needs to comply with reasonable regulations."  Pl.'s Mot. 8.  But the fact that the applicable regulations do not specifically require a pilot plant does not mean that the agency was unreasonable to require it.  The fact that RNR disagrees with the Forest Service's pilot plant request is not a ground for excusing the exhaustion requirement.  In such circumstance, RNR's disagreement with the agency's information request does not provide a basis for excusing the final agency decision requirement.  Indeed, if finality could be waived every time an applicant objected to an information request or because the property owner disagrees with the permitting conditions the agency states that it will consider, the exhaustion requirement would be meaningless.[5]

---

of oil and gas development.  Id.  In this case, there is no dispute that the agency retained discretion over plaintiff's application.

[5] Plaintiff also relies on Mehaffy to argue that the government did not follow its regulations because it did not evaluate RNR's operations plan within 30 days of receiving it.  However,

Here, it is not disputed that government has not forced RNR to engage in repetitive permitting procedures.  RNR filed an application, and the Forest Service, as provided for in its regulations, commenced a review of the application and then sought additional information from RNR.  See Freeman III, 124 Fed. Cl. at 3-5.  The Forest Service has stated that when it receives the information requested, it will proceed in making a decision, and the declaration of Ranger Bergstrom is sufficient to show that the agency is not trying to avoid a final decision.  Under these circumstances, the court cannot find that reconsideration of its decision that RNR's takings the claim is unripe is necessary to manifest injustice.

## IV.  CONCLUSION

For the foregoing reasons, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

unlike in Mehaffy, the applicable regulations in this case do not specify a consequence, such as a deemed denial, if the agency does not review the operations plan within 30 days.  See 36 C.F.R. § 228.5(a).  Further, the agency did contact Mr. Freeman regarding RNR's proposal within 30 days and put RNR on notice that the agency would require more information.  Freeman III, 124 Fed. Cl. at 3.